BrotmanLaw PLLC

Ellen C. Brotman, Esq.

300 New Jersey Ave NW, Suite 300
Washington, DC 20001

834 Chestnut Street, Suite 206
Philadelphia, PA 19107

D: 215-217-1118 C: 484-614-8522
E: ebrotman@ellenbrotmanlaw.com
W: ellenbrotmanlaw.com

September 30, 2026

By Email: ecfhelp@nj.uscourts.gov
Honorable Renée Marie Bumb
Chief United States District Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

Re: Brian Dooley Kent
Attorney No. 94221

Dear Chief Judge Bumb:

This is to advise the Court that the above-referenced attorney, Brian Dooley Kent, has been suspended from the practice of law in the State of New York for a period of one year, effective May 23, 2025, and until further order of the court, by Memorandum and Order on Motion of the Supreme Court of the State of New York, Appellate Division, Third Judicial Department, decided and entered August 20, 2026 (PM-184-26). A copy of the Order is attached as Exhibit A.

The New York suspension was imposed as reciprocal discipline based upon the suspension ordered by the Supreme Court of Pennsylvania, of which the Court was previously notified by my letter of June 25, 2025, a copy of which is attached as Exhibit B. Therefore, no further action by this Court will be required.

Thank you for your attention to this matter. If you have any questions, please feel free to contact me.

Sincerely,

Ellen C. Brotman, Esq.

cc: Brian Dooley Kent, with attachments
Michael S. Ross, Esq., with attachments

# EXHIBIT A

*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 20, 2026 PM-184-26

In the Matter of BRIAN DOOLEY KENT, an Attorney.

(Attorney Registration No. 5646625)

MEMORANDUM AND ORDER ON MOTION

Calendar Date: June 15, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Fisher, Mackey and Corcoran, JJ.

*Monica A. Duffy*, *Attorney Grievance Committee for the Third Judicial Department*, Albany (*Alison M. Coan* of counsel), for Attorney Grievance Committee for the Third Judicial Department.

*Law Offices of Michael S. Ross*, New York City (*Michael S. Ross* of counsel), for respondent.

Per Curiam.

Respondent was admitted to practice by this Court in 2019, but was previously admitted to the practice of law in Pennsylvania in 2004. By order of the Supreme Court of Pennsylvania entered in May 2025, respondent was suspended for a period of three years – with one year to be served and the remaining two years stayed, along with two years of probation and the imposition of certain conditions – following his admissions that he engaged in misconduct, specifically through his involvement in a personal and sexual relationship with a client (*see* Pennsylvania Rules of Prof Conduct 1.7 [a] [2]; 1.8 [j]; 1.16 [a] [1]). The client had engaged respondent's then-employer to investigate a potential claim for abuse against a religious organization, and respondent and the client exchanged flirtatious messages that concerned personal matters and engaged in touching in a sexual manner, among other conduct. The Pennsylvania order additionally requires

respondent to comply with certain conditions, including his participation in counseling. Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for the imposition of discipline in this state based on respondent's established misconduct in Pennsylvania (*see* Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent was heard in response by affirmation of his counsel, AGC was heard in reply, and respondent was subsequently heard in surreply.[1]

Upon application by AGC containing proof that an attorney has been disciplined by a foreign jurisdiction, we shall direct that the attorney demonstrate why discipline should not be imposed in New York for the underlying misconduct (*see Matter of Cruikshank*, 246 AD3d 1215, 1216 [3d Dept 2026]). "An attorney facing discipline as a result of his or her sustained foreign misconduct may assert in his or her defense that the disciplinary hearings in the foreign jurisdiction lacked due process, that there was an infirmity of proof establishing the misconduct, or that the alleged misconduct forming the basis for discipline in the foreign jurisdiction would not constitute misconduct in New York" (*Matter of Harmon*, 191 AD3d 1149, 1150-1151 [3d Dept 2021]).

Here, AGC avers that respondent's admitted violations of Pennsylvania Rules of Professional Conduct rules 1.7 (a) (2) and 1.16 (a) (1) would likewise constitute violations of this state's Rules of Professional Conduct, as the applicable Pennsylvania rules are substantially similar – if not identical – to their New York corollaries (*see* Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.7 [a] [2]; 1.16 [a] [2]). As to respondent's admission that his conduct as to the client violated Pennsylvania Rules of Professional Conduct rule 1.8 (j), AGC argues that respondent's conduct constitutes a violation of New York's Rules of Professional Conduct rule 1.8 (j) (1) (ii). While respondent's counsel does not raise any of the enumerated defenses in his response to AGC's motion, we are nonetheless required to determine whether respondent's violation of Pennsylvania Rules of Professional Conduct rule 1.8 (j) would constitute a Rule violation in this state (*see* Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13).

---

[1] We note that respondent's surreply addresses AGC's position that, as respondent's filing was made by his counsel, as opposed to respondent himself, the affirmation has no probative value, among other arguments. Notwithstanding AGC's arguments on this point, we accept the affirmations of respondent's counsel in response to AGC's motion (*see e.g. Matter of Renna*, 225 AD3d 1055, 1056 [3d Dept 2024]; *Matter of Blaney*, 186 AD3d 1777, 1778 [3d Dept 2020]).

Unlike Pennsylvania's Rules of Professional Conduct rule 1.8 (j), which explicitly prohibits sexual relations between an attorney and a client, regardless of the subject of the representation and unless the consensual relationship existed between them when the relationship commenced, this state's Rules do not contain such a blanket provision. While the commentary to New York's Rules of Professional Conduct rule 1.8 suggests that a sexual relationship between a client and an attorney is "dangerous and inadvisable," this state's Rules only prohibit such conduct in domestic relations matters, concluding that, for all other types of representation, the "desires of consenting adults" prevail (Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.8 [Comment 17]). Outside of the domestic relations realm, therefore, an attorney's engagement in sexual relations with a client only amounts to a Rule violation when, as pertinent here, the attorney employs coercion, intimidation or undue influence in entering into sexual relations instant to any professional representation by the lawyer or the lawyer's firm (*see* Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.0 [u]; 1.8 [j] [1] [ii]). Citing a case from the Second Department, AGC seems to argue that respondent's client – who was alleged to have survived abuse at the hands of a religious organization – was particularly vulnerable and that respondent's engagement in sexual relations with the client, even consensually, necessarily employed some element of coercion, intimidation or undue influence on the client, particularly given respondent's position of power over the client as an attorney, and likewise engaged in conduct adversely reflecting on his fitness as an attorney (*see Matter of Smallman*, 233 AD3d 150 [2d Dept 2024]).[2]

While a client's vulnerability can certainly be an aggravating factor in determining an appropriate sanction for an attorney's misconduct (*see* ABA Standards for Imposing Lawyer Sanctions standard 9.22 [h]), Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.8 (j) (1) (ii) measures the *attorney's* actions – specifically, the exercise of undue influence, coercion or intimidation – in determining whether he or she offended the Rule, as opposed to whether the client was vulnerable or susceptible as a result of past experiences. To that end, the record contains various statements from the client that reflected her fears that her actions or inactions could prompt respondent and/or his firm to cease representation, thereby confirming that the professional relationship had been impaired, a fact which respondent does not dispute. However, we cannot conclusively

[2] Inasmuch as AGC asks us to conclude, based on *Matter of Smallman*, that respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h), we find that such a conclusion would require us to read beyond the record of the Pennsylvania proceeding, and impute facts and intent that are not present in the record (*see generally Matter of Chu*, 250 AD3d 1526, 1528 [3d Dept 2026]).

determine, on the limited record before us, that respondent employed undue influence, intimidation or coercion in his interactions with the client, and we are constrained to evaluate his admitted misconduct under our own Rules of Professional Conduct, as they presently stand. In reaching this conclusion, we acknowledge that, regardless of whether respondent's conduct as to the client amounts to a Rule violation in New York, an attorney's engagement in sexual relations with *any* client is precarious and injudicious, and this matter is illustrative of that reality. Accordingly, we grant AGC's motion as to respondent's violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7 (a) (2) and 1.16 (a) (2) and deny AGC's motion as to respondent's claimed violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.8 (j) (1) (ii), and turn to the sanction to be imposed (*see e.g. Matter of Cimino*, 249 AD3d 1475, 1476 [3d Dept 2026]; *Matter of Bradley*, 245 AD3d 1018, 1019 [3d Dept 2026]; *Matter of Winograd*, 184 AD3d 1073, 1074-1075 [3d Dept 2020]).

As to the sanction to be imposed, we are not obligated to impose the same sanction imposed by the foreign jurisdiction, but rather we are tasked with crafting a sanction that protects the public, maintains the honor and integrity of the profession and deters others from engaging in similar misconduct (*see Matter of Yanowitch*, 244 AD3d 1701, 1702 [3d Dept 2025]; *see also* Rules for Atty Disciplinary Matters (22 NYCRR) § 1240.8 [b] [2]). In that vein, respondent asks that the Court not impose a suspension in excess of three years, specifically asking for this Court to suspend him for one year, retroactive to May 23, 2025, which was the effective date of his suspension in Pennsylvania (*see e.g. Matter of Chechelnitsky*, 192 AD3d 1453 [3d Dept 2021]; *Matter of Freeman*, 190 AD3d 1251 [3d Dept 2021]; *Matter of Couloute*, 174 AD3d 1031 [3d Dept 2019]). Respondent also acknowledges that a partially stayed suspension – as he received in Pennsylvania – is not an available disciplinary sanction in New York (*see* Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.2). To support his arguments, respondent cites the various mitigating factors cited in the Pennsylvania disciplinary proceeding, including respondent's admissions of professional misconduct; his remorse for his conduct; his lack of disciplinary history; and various character evidence, citing both letters of support from family and clients, as well as his involvement in many non-profit organizations, including those associated with ending child abuse and assisting survivors of human trafficking and sexual exploitation (*see* ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [d], [e], [g], [l]). Most significantly, as noted in the Pennsylvania disciplinary proceeding, respondent disclosed certain personal and emotional issues that contributed to his misconduct, further acknowledging that he continues to treat such issues through counseling (*see* ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c])

AGC contends that, contrary to respondent's assertions, respondent is not simply suspended for one year in Pennsylvania, as he will be subject to various conditions in Pennsylvania until, at least, May 2028 and that a one-year suspension nunc pro tunc to the effective date of respondent's Pennsylvania suspension is wholly inadequate for his misconduct. Additionally, AGC notes that the client was particularly vulnerable, and that the Rules of Professional Conduct exist, in part, to protect vulnerable clients (*see* ABA Standards for Imposing Lawyer Sanctions standard 9.22 [h]). AGC also notes respondent's 22 years in the practice of law, the primary focus of which has been focused on victims of sexual abuse, assault and trafficking (*see* ABA Standards for Imposing Lawyer Sanctions standard 9.32 [i]).

Based on the facts and circumstances before us, we suspend respondent for one year, nunc pro tunc, to May 23, 2025. However, in doing so, we note that respondent is subject to conditions in Pennsylvania, which largely serve to ensure that he continues to engage in counseling to address the issues that he avers contributed to his misconduct. Accordingly, in suspending respondent for one year, we direct that any future motion for reinstatement by respondent includes proof that he has satisfied the conditions imposed by the Pennsylvania suspension order, and/or that such conditions have been terminated in that jurisdiction.

Garry, P.J., Reynolds Fitzgerald, Fisher, Mackey and Corcoran, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further

ORDERED that respondent is suspended from the practice of law for a period of one year, effective May 23, 2025, and until further order of this Court (*see generally* Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its

application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (*see* Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court

# EXHIBIT B

BrotmanLaw PLLC

Ellen C. Brotman, Esq.

300 New Jersey Ave NW, Suite 300
Washington, DC 20001

834 Chestnut Street, Suite 206
Philadelphia, PA 19107

D: 484-614-8523 F: 484-930-0595
E: ebrotman@ellenbrotmanlaw.com
W: ellenbrotmanlaw.com

June 25, 2025

Honorable Judge Renee Marie Bumb
United States District Court for the
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

Re: Brian Dooley Kent

Dear Judge Bumb,

This is to advise the Court that the above-referenced attorney, Brian Dooley Kent, was suspended for a period of three years, with two years stayed by the Supreme Court of Pennsylvania, Order attached. The Order is effective June 23, 2025.

Thank you for your attention to this matter. If you have any questions, please feel free to contact me.

Sincerely,

Ellen Brotman

Ellen C. Brotman, Esq.

**IN THE SUPREME COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OFFICE OF DISCIPLINARY COUNSEL, | : | No. 3109 Disciplinary Docket No. 3 |
| Petitioner | : | No. 37 DB 2025 |
| v. | : | Attorney Registration No. 94221 |
| | : | (Philadelphia) |
| BRIAN DOOLEY KENT, | : | |
| Respondent | : | |

**ORDER**

**PER CURIAM**

**AND NOW,** this 23rd day of May, 2025, upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board, the Joint Petition in Support of Discipline on Consent is granted, and Brian Dooley Kent is suspended on consent from the Bar of this Commonwealth for a period of three years, with one year to be served. The remaining suspension period is stayed, and he is placed on probation for two years, subject to the following conditions:

1. Respondent shall undergo counseling throughout the three-year period of his suspension, on at least a monthly basis or as prescribed by his mental health professional;
2. Respondent shall cooperate with the directions of the mental healthcare professional supervising his treatment;
3. Respondent shall file quarterly written reports with the Board Prothonotary, which shall reflect his continued compliance with these conditions, and shall attach reports from his mental healthcare professional verifying the above counseling and treatment; and

4. Respondent shall not commit any violations of the Rules of Professional Conduct or Rules of Disciplinary Enforcement.

Respondent shall comply with the provisions of Pa.R.D.E. 217 and pay costs to the Disciplinary Board pursuant to Pa.R.D.E. 208(g).

A True Copy Nicole Traini
As Of 05/23/2025

Attest: Nicole Traini
Chief Clerk
Supreme Court of Pennsylvania